IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KENNETH WILLIAM QUINLAN,    )
                            )
            Petitioner,     )     Case No. CV 04-0224-S-MHW
                            )
v.                          )     **MEMORANDUM ORDER**
                            )
RANDY BLADES, Warden,       )
                            )
            Respondent.     )
_____)

In this habeas corpus action, the Court earlier conditionally granted Respondent's Motion to Dismiss Petitioner's first and second claims because they were filed beyond the statute of limitations deadline, and unconditionally granted the Motion to Dismiss Petitioner's third claim.  *See February 2, 2005 Order* (Docket No. 21).  The Court determined that an evidentiary hearing was required to determine whether equitable tolling was warranted as to the first and second claims.  The Court appointed Dennis Benjamin as counsel for Petitioner.

**MEMORANDUM ORDER - 1**

The Court held an evidentiary hearing on the equitable tolling issue on May 25, 2005.  Petitioner Kenneth Quinlan and Witness Robert Jones testified at the hearing.  Both parties submitted various exhibits.  *See Exhibit Lists* (Docket Nos. 28 & 30).

Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case.  *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the evidence presented at the hearing, as well as the arguments of the parties, the Court enters the following Order.

## I.

## PROCEDURAL HISTORY

Petitioner was denied parole in 1994 and again in 1996.  Petitioner filed a state petition for writ of habeas corpus in 1998.  *See State's Lodging of State Court Record,* Exhibit A-1 (Docket No. 13).  The Idaho Court of Appeals reversed and remanded the case, but the Idaho Supreme Court affirmed the magistrate court's decision denying relief.  The Idaho Supreme Court issued its decision on April 29, 2003; it became final on May 21, 2003.  *See State's Exhibit C-4.*

Petitioner filed this federal Petition for Writ of Habeas Corpus on May 7, 2004.  He raised three claims in his Petition; one was previously dismissed.  The two remaining claims are as follows: (1) the parole condition requiring Petitioner to waive his driving privileges is overbroad, in violation of the Eighth and Fourteenth Amendments; and (2)

**MEMORANDUM ORDER - 2**

the Commission's decision to change mandatory parole hearings to discretionary hearings violates the Ex Post Facto Clause of Art. I, § 10.

On February 2, 2005, the Court determined that Petitioner failed to file his claims within the one-year statute of limitations period. The Court then reviewed whether Petitioner had presented facts showing that equitable tolling would be warranted.

Petitioner sought leave to expand the record with a document showing that Bob Jones, an inmate legal assistant, was authorized to give him legal assistance in September 1996, which was after the adoption of AEDPA and during Petitioner's one-year statute of limitations period. Petitioner asserts that the prison provided Bob Jones as a legal assistant and that Bob Jones led him to believe that there was no federal habeas corpus statute of limitations. The Court found that Petitioner had alleged sufficient facts to warrant an evidentiary hearing on equitable tolling. The Court appointed counsel for Petitioner and allowed a period of discovery. On May 25, 2005, the Court held an evidentiary hearing. The parties have filed their Post-Trial Briefs (Docket Nos. 41 & 42), and the court reporter has prepared the Hearing Transcript (Docket No. 40).

## II.

### SUMMARY OF RULING

Petitioner has two avenues of relief open to him to enable the Court to hear his claim: (1) to establish that equitable tolling is warranted; or (2) to show that 28 U.S.C. § 2244(d)(2)(B), the state-created impediment section, applies. After reviewing the facts in

**MEMORANDUM ORDER - 3**

the record, and considering the arguments of the parties, the Court concludes that relief is unavailable under the first exception, but available under the second. In particular, the court concludes that the following circumstances constituted a state-created impediment: (1) advice from Idaho Department of Correction (IDOC) employee Robert "Bob" Jones that led Petitioner to believe that he could not file his federal habeas corpus action until he had fully exhausted his state law claims; and (2) an IDOC "Self-Help Packet" that Petitioner obtained in 1998, that seemed to confirm Jones's advice and that affirmatively instructed: "You have one year from the time you exhausted state remedies to file a Federal Petition for Writ of Habeas Corpus." *See Plaintiff's Exhibit* 5; *Transcript*, at 21:8-14.

In the case of a state-created impediment, the statute of limitation does not begin running until the impediment is removed. The Court concludes that the impediment was not removed until Petitioner's state habeas corpus action concluded, on May 21, 2003. Petitioner filed his Petition on May 7, 2004, making his filing timely.

## III.

## LEGAL AUTHORITY

### A.      Equitable Tolling

To establish entitlement to equitable tolling, a litigant bears the burden of proving (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). In

**MEMORANDUM ORDER - 4**

*Pace*, the petitioner argued that "'state law and Third Circuit exhaustion law created a trap' on which he detrimentally relied as his federal time limit slipped away." *Id*. at 1814-15.  The Supreme Court declined to address this theory, determining, "[e]ven if we were to accept petitioner's theory, he would not be entitled to relief because he has not established the requisite diligence." *Id*. at 1815.

On the diligence issue, the *Pace* Court determined that the petitioner had not acted diligently because he had "waited years, without any valid justification," to bring his PCRA claims in state court, and then he waited "five more months after his PCRA proceedings became final before deciding to seek relief in federal court." *Id*.

Courts have uniformly held that ignorance of the law is not an appropriate ground for equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000);  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.  2000); *Meiggs v. Pinkens*, 2000 WL 101245 (D.Cal. 2000).

More particularly, in *Pearson v. North Carolina*, 130 F.Supp.2d 742, (D.N.C. 2001), the petitioner missed his federal habeas corpus statute of limitations because he thought that the one-year period started over again after his last state post-conviction action ended.  *Id*. at 744.  In rejecting the petitioner's request for equitable tolling on the basis of his plea of ignorance as to how statutory tolling was calculated, the North Carolina district court noted that petitioner's argument "conflicts with the plain language

**MEMORANDUM ORDER - 5**

of the statute, which provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is *pending*.'" *Id*. (quoting 28 U.S.C. § 2244(d)(2) (emphasis in *Pearson*).  As a result, the Court concluded that the petitioner's "ignorance of the proper calculation of the period of limitation does not warrant equitable tolling." *Id*. at 744; *accord, Godek v. Grayson*, 2001 WL 739507, at *3 (D. Mich. 2001) (rejecting petitioner's argument that the limitations period should not bar his habeas corpus petition because he was unaware of the applicability and operation of the limitations period).

The Ninth Circuit has held that attorney negligence in miscalculating the statute of limitations is not a basis for equitable tolling.  *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).  However, sufficiently egregious attorney misconduct may be grounds for equitable tolling.  *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003).

**B.     State-Created Impediment**

The "state-created impediment" argument arises from 28 U.S.C. § 2244(d)(1)(B), which provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

In *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (*en banc*), the Ninth Circuit Court held that the inadequacy of a prison library – particularly, the unavailability

**MEMORANDUM ORDER - 6**

of a copy of AEDPA – could constitute an impediment to filing under § 2244(d)(1)(B).

In *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), the petitioner argued that the

prison's failure to provide a copy of AEDPA caused him to miss his statute of limitations.

The State argued that because it had taken no affirmative action, there could be no "state

created impediment."  The Fifth Circuit Court disagreed, holding:

> [T]he State's failure to make available to a prisoner the AEDPA,
> which sets forth the basic procedural rules the prisoner must follow in order
> to avoid having his habeas petition summarily thrown out of court,
> including the newly imposed statute of limitations, is just as much of an
> impediment as if the State were to take "affirmative steps" to prevent the
> petitioner from filing his petition."
> * * *
> Accordingly, a state's failure to provide the materials necessary to prisoners
> to challenge their convictions or confinement, in this case a copy of the very
> statute that is being used to render Egerton's petition time-barred,
> constitutes an "impediment" for purposes of invoking § 2244(d)(1)(B).

*Id*. at 438.

In *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), the Court noted: "The

limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of

state prison officials who interfere with inmates' ability to prepare and to file habeas

petitions by denying access to legal materials."  *Id*. at 1087 (referencing *Whalem/Hunt*

and *Egerton*).  Petitioner Quinlan's case is not far removed in that the issue is state prison

officials interfering with an inmate's ability to prepare and file a habeas petition by

providing misleading legal materials and advice.

**IV.**

**MEMORANDUM ORDER - 7**

**FINDINGS OF FACT**

Based upon the evidence presented at the hearing, the Court makes the following

Findings of Fact.[1]

1.      On March 2, 1973, Petitioner was convicted of second degree-murder and

sentenced to life in prison. *Stipulation of Background Facts*, State's Exhibit

100, at ¶ 1.

2.      Petitioner was paroled on April 25, 1985. *Id*. at ¶ 2.

3.      Petitioner was arrested for DUI in 1989. Thereafter, the Idaho Commission

for Pardons and Parole added a special condition to the terms of Petitioner's

parole, prohibiting him from driving. Petitioner agreed to the added

condition. *Id*. at ¶¶ 3-5.

4.      On March 20, 1991, Petitioner's parole was revoked because of a violation.

Petitioner was again granted parole on December 3, 1991. *Id*. at ¶ 9.

5.      On October 25, 1994, the Commission denied or revoked Petitioner's parole

and passed him to his "full-term release date," which means that he must

spend the rest of his life in prison. *Id*. at ¶ 16.

---

[1]The Court will not issue findings on every conceivable issue in a case, but only on those essential facts upon which it bases its decision. *White Indus., Inc. v. Cessna Aircraft Co.,* 845 F.2d 1497, 1499 (8th Cir. 1988) (Rule 52(a) does not require particularized findings on each piece of evidence the parties present at trial).

**MEMORANDUM ORDER - 8**

6.      On September 24, 1995, Petitioner filed a Self-Initiated Progress Report (SIPR) seeking reconsideration of the Commission's denial of parole.  On April 19, 1996, the Commission denied Petitioner's SIPR.  *Id*. at ¶¶ 17-20.

7.      In about May 1996, Petitioner first began trying to determine whether there was a legal remedy for the parole denial.  *Evidentiary Hearing Transcript ("Transcript")*, at 8:1-18.

8.      Petitioner's educational background is as follows.  He graduated from high school in 1969.  *Transcrip*t, 6:13-17.  He took a few college courses in prison in the 1970s.  *Id*. at 7:1-3.  He has no legal training, and had done no legal work on any cases prior to the state case that led to this case.  *Id*. at 7:4-9.

9.      On September 24, 1996, Petitioner first sought legal assistance on his parole denial through the Idaho Department of Correction (IDOC) legal assistance program.  *Plaintiff's Exhibit 1*.  At that time, the Idaho Department of Correction (IDOC) employed inmates as legal assistants, providing training to them and paying them a wage.  Robert "Bob" Jones was one of the IDOC legal assistants.  *Transcript*, at 42:9 to 44:5.

10.     On September 24, 1996, Petitioner completed a Request for Inmate Legal Assistance, seeking help in "[p]reparation and presentation of civil litigation regarding parole hearing denial."  *Plaintiff's Exhibit 1*.  The form was an

**MEMORANDUM ORDER - 9**

IDOC requirement for prisoners to obtain legal help from the inmate legal

assistant. *Transcript*, at 10:19-23.

11.     Also on September 24, 1996, IDOC approved Petitioner's request and

assigned inmate legal assistant Bob Jones to assist Petitioner. *Id*. at 10:13-

18.

12.     Jones assisted Petitioner from September 1996 until no later than December

2000, when Jones was transferred to a different facility. *Plaintiff's Exhibit*s

*1-3*; *Transcript* 15:14-25; 22:5 to 23:11; 60:10-13.

13.     Petitioner never asked Jones specifically about the statute of limitations for

filing a federal habeas petition; however, he questioned Jones about the

timing of filing a federal petition as it related to the state court application

then at issue.  Earlier in this action, Petitioner submitted a verified

Application for Leave to Expand the Record, in which he stated: "On

numerous occasions Petitioner asked Mr. Jones if there were any time limits

that were applicable to the filing of a Habeas Corpus Petition and always

the reply was in the negative." *Petitioner's Application to Expand the*

*Record*, at p. 2 (Docket No. 19).  After having heard both Petitioner and

Jones testify consistently about their conversations, the Court finds that the

earlier statement of Petitioner can be read as consistent with the hearing

testimony in that Petitioner and Jones discussed that the earliest time

**MEMORANDUM ORDER - 10**

Petitioner could file his federal petition was after he completed his state court action.  The transcript makes it clear that Jones told Petitioner he should not worry about filing a federal petition, because it could not be done until the state actions were completed.  *Transcript*, at 17:1-17; 18:1-7; 22:11-14; 39:3-16; 55:15-20; 63:10-14; 75:3-5.

14.     For example, Petitioner testified: "[W]henever I asked about time limits, it was – I had no worries.  I had to do the state first.  I had to do it first.  I couldn't even worry about the federal until the state was completed."

*Transcript* 39:9-12.

15.     Similarly, Jones testified:

> Q.     Would you advise the inmate that they needed to take a
>        different legal course even though you're only
>        supposed to be helping them – on the original course?
> A.     If I knew it I would, sure.  Sure, I would.
> Q.     Okay. So if you had believed at some point during your
>        assistance of Mr. Quinlan, that he needed to file a federal
>        habeas corpus instead of a state habeas corpus, you would
>        have told him that?
> A.     Oh, sure.
> Q.     Okay.
> A.     I'm sure I was the one that was picking the course of action.
>        It wasn't Ken – Kenny.
> Q.     And your advice to him about picking the course of action
>        was to file the state habeas petition first?
> A.     Yeah. Yes, it was.

*Transcript*, 76:17-25, 77:1-6.

**MEMORANDUM ORDER - 11**

16.     Between February and May 1998, Petitioner requested and received a Self-
        Help Packet for filing a federal habeas petition.  The Packet was created for
        inmate use by IDOC officials.  *Plaintiff's Exhibit* 5; *Transcript,* 18:19-25;
        19:1-21.

17.     The Packet included this information:  "A federal writ of habeas corpus will
        not issue unless the petitioner has exhausted all state remedies.  This
        includes the criminal appeal and all post-conviction remedies through
        appeal."  *Transcript*, 20:10-22; *Plaintiff's Exhibit 5*.

18.     The Packet also had a section entitled, "Exhaustion of State Remedies," and
        under that heading, the section read: "You must exhaust state remedies prior
        to filing a federal petition for writ of habeas corpus.  This means you must
        complete all appeals including petitions for rehearing and review at the state
        level to be eligible for federal habeas relief."  *Transcript*, 21:1-7; *Plaintiff's
        Exhibit 5*.

19.     The Packet also had a section entitled, "Statute of Limitations," and under
        that section heading, the Packet read: "You have one year from the time you
        exhausted state remedies to file a Federal Petition for Writ of Habeas
        Corpus."  *Transcript*, 21:8-14; *Plaintiff's Exhibit* 5.

20.     When asked why he had a need for a federal habeas packet in filing his state
        petition, Petitioner said: "To make sure I was doing everything right."

**MEMORANDUM ORDER - 12**

*Transcript*, 38:5-7.  When asked why he never requested to see the statute regarding federal habeas corpus, Petitioner said that he didn't feel the need to based on the information from his legal advisor and the packet. *Transcript*, 21:21-25; 22: 1-4.

21.    After Petitioner received the 1998 federal habeas packet, his understanding of the law governing the time limits for filing a federal habeas corpus petition included: (1) that he first needed to exhaust his state court remedies before he could file a federal habeas corpus action; and (2) that when his state court action was completed, he had one year to file his habeas corpus action.  *Transcript*, 21:15-20.

22.    Petitioner became impatient with the delay in waiting for Jones to draft his state habeas petition after approximately 20 months, and so he decided to proceed on his own.  *Transcript*, 16:3-12; State's Exhibit 101.

23.    Petitioner filed his state habeas petition himself on May 18, 1998.  *Id*.  After Petitioner's state habeas petition was denied in the magistrate court, he timely filed an appeal with the state district court, and then in the Idaho Court of Appeals.  The Idaho Court of Appeals ruled that the state district court erred in not appointing an attorney for Petitioner and in analyzing the ex post facto claim; but the decision was reversed by the Idaho Supreme Court.  The Idaho Supreme Court's order was issued on April 29, 2003, and

**MEMORANDUM ORDER - 13**

the remittitur was issued on May 21, 2003. *State's Lodging of State Court Record*, Exhibits B-1 through C-4.

24.  Petitioner prepared his federal Petition using a self-help packet that had been revised on May 1, 2000. *Petitioner's Exhibit 6*; *Transcript,* 24:13-25; 25:1-13. When asked why he was using a 2000 version of the Self-Help Packet in 2004, he said, "It was the one I had. I didn't have no reason to doubt anything. It was the one I had so I used it." *Transcript,* 25:11-17.

25.  The 2000 version of the Self-Help Packet did not contain any specific information about exhaustion or the statute of limitations. It stated only that "The law governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has changed dramatically. You should consult these statutory changes. . . ." The 2000 Self-Help Packet then cited the statutory section, showing that it had been amended on April 24, 1996. *Petitioner's Exhibit 6*.

26.  Petitioner never consulted the statute itself because he felt no need to, based upon his legal advisor, Bob Jones, and the Self-Help Packet instructions. *Transcript*, 21:21-25; 22:1-4. Petitioner also did not consult versions of the Self-Help Packet that were revised in September 2002 and November 2002. Plaintiff's Exhibits 7 & 8; *Transcript*, 26:5-25; 27:1-12.

**MEMORANDUM ORDER - 14**

27.    Petitioner filed his federal habeas corpus petition within one year of the
Idaho Supreme Court's decision, on May 7, 2004.  *See Petition* (Docket No.
4).

28.    The Court finds Petitioner's and Bob Jones's testimony credible as to the
issues presented at the hearing.  It was clear from Petitioner's demeanor and
manner of speaking that he was legally unsophisticated, that he actually
relied on the advice of Jones and the 1998 Self-Help Packet, and that he
found no reason to question that advice.  Jones was articulate and well-
versed in the law, and appeared to be a person in whom a legally
unsophisticated inmate would have confidence.

## V.

## CONCLUSIONS OF LAW

The Court makes its Conclusions of Law after reviewing the evidentiary record,
considering the arguments of the parties, and applying applicable legal principles to the
Findings of Facts.

1.    Under an equitable tolling circumstance, which the Court rejects,
Petitioner's statute of limitations would have begun on April 24, 1996,
because the factual predicate of his claims – his parole denials – occurred

**MEMORANDUM ORDER - 15**

prior to AEDPA. It would have expired on April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).[2]

2.  There is no event that occurred between April 24, 1996, and September 24, 1996, that would warrant equitable tolling, a period of 153 days.

3.  Petitioner has sufficiently shown that, beginning on or about September 24, 1996, he was unintentionally misled as to the proper filing of a federal habeas corpus by Bob Jones, the inmate legal assistant assigned to him and paid by IDOC. The misleading advice as to "proper filing" of a federal petition included the advice that a petitioner's claims must be fully exhausted in the state court system before filing in the federal system, without an explanation of the interplay between exhaustion and the statute of limitations.

4.  Petitioner was also misled by an "Idaho Department of Correction Self-Help Packet" ("The Packet") for federal habeas corpus actions, created by the State for inmates' particular use, which he obtained between February and Mary 1998. *Plaintiff's Exhibit 5*.

---

[2]Petitioner's notice of his parole denial was the "factual predicate" of his claims. *See* 28 U.S.C. § 2244(d)(1)(D). The Ninth Circuit has determined that the statute of limitations on a denial of parole runs from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the judgment became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment. *Redd v. McGrath* 343 F.3d 1077 (9th Cir. 2003).

**MEMORANDUM ORDER - 16**

5.      The 2000 Self-Help Packet notified Plaintiff only that federal habeas law

had dramatically changed after April 24, 1996.  Because Plaintiff had

obtained the advice he relied on between September 1996 and 1998, he had

no reason to believe that Bob Jones and the 1998 Packet had not

incorporated those "dramatic changes" into their advice.

6.      The Court concludes that the 1998 Self-Help Packet, with its misleading

advice, is the functional equivalent of the factual situation in *Whalem-Hunt*,

in which the Ninth Circuit Court of Appeals held that a prisoner's lack of

access to AEDPA materials may, under certain circumstances, establish

either the existence of a state-created impediment to filing an application,

which triggers a later starting date for the limitation period, or a reason to

equitably toll the statute of limitation.  *See Whalem/Hunt v. Early*, 233 F.3d

1146 (9th Cir. 2000); *see also Egerton v. Cockrell*, 334 F.3d 433, 438-439

(5th Cir. 2003) (holding that the absence of AEDPA in prison law library,

coupled with a prisoner's lack of independent knowledge of AEDPA or its

time limitation, constitutes a state impediment under § 2244(d)(1)(B)).

7.      The Court concludes that the misleading advice from the State's inmate

legal assistant and the 1998 Self-Help Packet constituted a state-created

impediment that violated Petitioner's First Amendment right to access the

courts.  In particular, the misleading advice caused Petitioner to be lulled

**MEMORANDUM ORDER - 17**

into a false sense of confidence that prevented him from conducting further

research that might have caused him to act otherwise.

8.　　The state-created impediment was not removed until Petitioner's state

habeas corpus action concluded, on May 21, 2003, because that was the

date on which the inmate legal assistant and the 1998 Self-Help Packet had

led Petitioner to believe that this federal statute began.  Petitioner filed his

Petition on May 7, 2004, making his filing timely.

## VI.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the portion of the Court's

Order conditionally granting Respondent's Motion for Summary Dismissal as to

Petitioner's first and second claims (Docket No. 21) is VACATED.  Respondent's

Motion for Summary Dismissal (Docket No. 14) as to Petitioner's first and second claims

is DENIED.

Motions for Summary Judgment on the merits of Petitioner's first and second

claims shall be filed no later than **February 28, 2006.**

DATED:  **December 21, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM ORDER - 18**